IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER LEE UMBERGER,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **Civil Action No. 1:08-0851** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On June 18, 2008, Petitioner filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[1] (Document No. 1.) Petitioner states as grounds for relief under Section 2241 as follows:

1) This Court recommended and expected Petitioner to take the drug program and get one year off his sentence and six months in a halfway house. The Bureau of Prisons disallowed these benefits illegally. Exhibit #1 is ruling denying Petitioner's early release. Note, Petitioner can only be denied for one of five crimes. Petitioner has no conviction for one of those crimes. The only similar charge was 'aggravated assault', however, Petitioner was not found guilty of that charge, but a lesser count, 'unlawful wounding'. There remains a big difference between the two charges. Specifically, unlawful wounding is not aggravated. Recent Court rulings support Petitioner. <u>Arrington v. Daniels</u>, 516 F.3d 1106 (9th Cir. 2008). Federal Court granted writ on the same grounds.

2) Bureau of Prisons illegally took earned good time without proper hearing or constitutional guarantees such as right to call witnesses, cross-examine witnesses or appeal findings.

3) Failure to treat severe injury or infectious diseases. Even after this Court directed the Bureau of Prisons to treat Petitioner's hepatitis-C, Petitioner

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

> went untreated. Sentencing Order directs Bureau of Prisons to house Petitioner in a facility where he can be treated. Additionally, Petitioner fell causing severe brain damage. Once Petitioner left the ICU unit and returned to prison, no follow-up care of prescribed medications was given. Seven months later and Petitioner still has serious medical issues as a result of the fall.

Having considered Petitioner's claims, the undersigned respectfully recommends that this matter be dismissed for the reasons stated below.

## DISCUSSION

### A.  Petitioner's Provisional Eligibility for Early Release Under 18 U.S.C. § 3621(e).

As an exhibit to his Complaint, Petitioner submitted a copy of "Drug Abuse Program Notice to Inmate" dated January 23, 2007, indicating that he qualified to participate in the residential Drug Abuse Program [RDAP] but was determined to be provisionally ineligible for early release because he had a "prior conviction for unlawful wounding (shot deputy in the back)."[2]

Title 18, U.S.C. § 3621(b), authorizes the BOP to implement drug abuse treatment programs for its prisoners: "The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." To effectuate this mandate, the BOP is required to ensure that all eligible prisoners "with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment . . . [and the BOP shall] provide residential substance abuse treatment." 18 U.S.C. § 3621(e)(1). As an incentive for successful completion of RDAP, "[t]he period a prisoner convicted of a nonviolent

---

[2] Petitioner's Pre-Sentence Investigation Report indicates at Paragraph 56 that in 1986, he was convicted in the Circuit Court of Mercer County, West Virginia, of unlawful wounding and kidnaping and sentenced to a one to five year term of incarceration in the West Virginia Penitentiary upon the unlawful wounding conviction and thirty years on the kidnaping conviction.

offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B)(Emphasis added.). Thus, whether to grant early release is in the discretion of the Bureau of Prisons. See Lopez v. Davis, 531 U.S. 230, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001). The Bureau of Prisons has therefore promulgated 28 C.F.R. § 550.58 respecting early release of prisoners who successfully complete RDAP. 28 C.F.R. § 550.58 (a)(1)(iv) provides as follows:

> (1) As an exercise of discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
> \* \* \*
> (iv) Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses.

This regulation categorically precludes the granting of early release to certain offenders, and the regulation is a permissible exercise of the Bureau of Prison's discretion. Lopez v. Davis, 531 U.S. at 244, 121 S.Ct. at 724 ("[T]he Bureau may categorically exclude prisoners based on their preconviction conduct . . ..") Applying this categorical approach, the undersigned finds that the Bureau of Prisons was entirely within its discretion in viewing unlawful wounding a species or "lesser included" of those violent crimes listed in 28 C.F.R. § 550.58 (a)(1)(iv) and finding Petitioner ineligible for early release. Petitioner's focus upon the title of the offense of his conviction – unlawful wounding – is incorrect. Rather, the issue is whether the offense of his 1986 conviction is categorically similar to the crimes specified in 28 C.F.R. § 550.58 (a)(1)(iv). It is. Petitioner's claim to the contrary is without merit.[3]

---

[3] The undersigned finds *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), which Petitioner cites in support of his claim, inapposite and notes that a District Court within this Circuit has found that "the decision in *Arrington* is misguided due to binding precedent from the Supreme

### B. Petitioner's Claim of Constitutional Violations in Proceedings Resulting in his Loss of Good Time Credit.

Petitioner alleges that "Bureau of Prisons illegally took earned good time without proper hearing or constitutional guarantees such as right to call witnesses, cross-examine witnesses or appeal findings." Petitioner does not explain the circumstances which resulted in his alleged loss of good time credits.

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). Although the Fifth Amendment of the United States Constitution prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law", the range of protected liberty interests for defendants convicted and confined in prison are significantly reduced for their period of incarceration. See U.S. Const. Amend. XIV, § 1; Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). The fact of conviction implies the defendant's transfer of his liberty to prison officials, who in their broad discretion, administer his sentence. Gaston, 946 F.2d at 343. Nevertheless, "confinement to prison does not strip a prisoner of *all* liberty interests." Gaston v. Taylor, 946 F.2d at 343 (emphasis added).

To determine whether an inmate retains a certain liberty interest, the Court must look to the nature of the claimed interest and determine whether the Due Process Clause applies. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972). An inmate holds a protectable right in those interests to which he has a legitimate claim of

---

Court and the Fourth Circuit."*Minotti v. Whitehead*, ___ F.Supp.2d ___, 2008 WL 4791462, *7 (D.Md.)

4

entitlement. See Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979)(quoting Board of Regents v. Roth, 408 U.S. at 577, 92 S.Ct. 2709). In Gaston v. Taylor, the Fourth Circuit determined that an inmate possesses a claim of entitlement in those interests "which were not taken away, expressly or by implication, in the original sentence to confinement." Id. at 343. Such interests however,

> will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995)(citations omitted). Consequently, in order to establish that a deprivation of his due process rights has occurred, Petitioner must identify a liberty interest which is protected by the Due Process Clause of the United States Constitution. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (holding that an inmate cannot be deprived of a protected liberty interest in good-time credits without procedural due process).

When a disciplinary sanction impacts the duration of a federal inmate's sentence, a protected liberty interest in the inmate's release from confinement is implicated, and minimal procedural guarantees are recognized. Ponte v. Real, 471 U.S. 491, 495, 105 S.Ct. 2192, 2195, 85 L.Ed.2d 553 (1985). The Supreme Court stated what procedure is required at a minimum in Wolff, supra. An inmate subject to administrative disciplinary sanctions impacting the duration of his sentence is entitled (1) to receive advance notice of charges no less than 24 hours before the disciplinary hearing, (2) to present evidence and witnesses in his defense as long as it does not jeopardize institutional safety or correctional goals, and (3) to receive a written statement of the evidence relied upon and the reasons for the disciplinary action. Id., 418 U.S. at 563 - 569, 94 S.Ct. at 2978 - 2981.

entitlement. See Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979)(quoting Board of Regents v. Roth, 408 U.S. at 577, 92 S.Ct. 2709). In Gaston v. Taylor, the Fourth Circuit determined that an inmate possesses a claim of entitlement in those interests "which were not taken away, expressly or by implication, in the original sentence to confinement." Id. at 343. Such interests however,

> will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995)(citations omitted). Consequently, in order to establish that a deprivation of his due process rights has occurred, Petitioner must identify a liberty interest which is protected by the Due Process Clause of the United States Constitution. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (holding that an inmate cannot be deprived of a protected liberty interest in good-time credits without procedural due process).

When a disciplinary sanction impacts the duration of a federal inmate's sentence, a protected liberty interest in the inmate's release from confinement is implicated, and minimal procedural guarantees are recognized. Ponte v. Real, 471 U.S. 491, 495, 105 S.Ct. 2192, 2195, 85 L.Ed.2d 553 (1985). The Supreme Court stated what procedure is required at a minimum in Wolff, supra. An inmate subject to administrative disciplinary sanctions impacting the duration of his sentence is entitled (1) to receive advance notice of charges no less than 24 hours before the disciplinary hearing, (2) to present evidence and witnesses in his defense as long as it does not jeopardize institutional safety or correctional goals, and (3) to receive a written statement of the evidence relied upon and the reasons for the disciplinary action. Id., 418 U.S. at 563 - 569, 94 S.Ct. at 2978 - 2981.

BOP regulations are clearly written in view of the constitutionally required minimum, but the failure of prison officials to follow their own internal policies, procedures or regulations alone is insufficient to make out a due process violation when a protected liberty interest is evident as long as the constitutionally required minimum is met. See Myers v. Klevenhager, 97 F.3d 91, 94 (5th Cir 1996); Giovanni v. Lynn, 48 F.3d 908, 913 (5th Cir. 1995), cert. denied, 516 U.S. 860, 116 S.Ct. 167, 133 L.Ed.2d 109 (1995). The undersigned notes additionally that the Supreme Court has indicated that prison regulations are not designed to confer rights on or benefits to inmates. Rather, they are primarily designed to guide correctional officials in the administration of prisons. Sandin v. Conner, 515 U.S. 472, 481- 482, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Viewing Petitioner's claim liberally as required, the undersigned gathers from Petitioner's bald and conclusory allegations that he is claiming that his constitutional rights were violated in disciplinary proceedings which resulted in his loss of good time credit. While such a claim is generally cognizable under Section 2241, Federal Rule of Civil Procedure 8(a)(2) provides that "(a) A pleading that states a claim for relief must contain: * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief."[4] Petitioner's Section 2241 Application does not

---

[4] The undersigned is also mindful of the United States Supreme Court's statement in Bell Atlantic Corporation v. Twombly, ___U.S.___, 127 S.Ct. 1955, 1964 - 1965, 167 L.Ed.2d 929 (2007)(Citations omitted) as follows:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, * * * a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)(on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegations.'). Factual allegations must be enough to raise a right to relief above the speculative level * * * on the assumption that all allegations in the complaint are true (even if doubtful in fact) * * *.

contain such a "short and plain statement." As in other Section 2241 actions filed in this Court, Petitioner should state how much good time credit he has lost and the factual and procedural circumstances which resulted in his loss of good time credit. Because he does not, his claim fails to state a claim for which relief may be granted and must be dismissed unless he amends it to include such a statement.

### C. Petitioner's Medical Issues.

Petitioner claims that he has not been treated for hepatitis-C or a head injury which he sustained in a fall. Petitioner's claim is beyond the scope of Section 2241. Rather, it falls under Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)[5] and/or the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, et seq.[6] Petitioner's claim therefore fails to state a Section 2241 claim for which relief may

---

The undersigned is further mindful that where a *pro se* Complaint can be remedied by an amendment, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

[5] A *Bivens* action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395 - 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under *Bivens* must show the violation of a valid constitutional right by a person acting under color of federal law.

[6] Inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. *Carlson v. Green*, 446 U.S. at 21 - 23, 100 S.Ct. at 1472 -74, 64 L.Ed.2d 15 (1980). In order to maintain a case against the United States under the FTCA, Plaintiff must demonstrate that his action is permissible under the FTCA and satisfies the necessary elements of a tort claim cognizable under law of the state in which the action accrued. Under West Virginia law, which applies under the FTCA, the plaintiff in a negligence action bears the burden of proof by a preponderance of the

be granted.[7]

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

---

evidence to demonstrate the applicable standard of care, deviation from that standard and a causal connection between the deviation and plaintiff's injury. *See Judy v. Grant County Health Dep't*, 210 W.Va. 286, 291 - 92, 557 S.E.2d 340, 345 - 46 (2001).

[7] The undersigned notes that on May 27, 2008, Plaintiff filed a Civil Action Complaint in the Circuit Court of Raleigh County, West Virginia, styled *Christopher Umberger v. Dominick McClain, D.O.*, alleging "malpractice and fraud with willful intent" respecting medical treatment for a head injury; "chronic, severe, and substantial pain"; a testicular problem; and hepatitis-C. On June 26, 2008, the Defendant in that action removed it to this Court, and it remains pending. *Umberger v. McClain*, Civil Action No. 5:08-0872.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: December 16, 2008.

R. Clarke VanDervort
United States Magistrate Judge