```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

**CHRISTOPHER UMBERGER,**

    **Plaintiff,**

v.                                    CIVIL ACTION NO. 1:08-0851

**T.R. CRAIG, Warden,**

    **Defendant.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

    By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted to the court his Findings and Recommendation on December 16, 2008, in which he recommended that the District Court dismiss plaintiff's application under 28 U.S.C. § 2241, and remove this matter from the court's docket.

    In accordance with the provisions of 28 U.S.C.A. § 636(b) in effect at the time, the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a <u>de novo</u> review by this court.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989).

On December 29, 2008, plaintiff filed objections to the Proposed Findings and Recommendation. With respect to those objections, the court has conducted a de novo review.

## I. Background

On September 13, 2000, Umberger was charged in a three-count indictment with knowingly and intentionally distributing heroin, in violation of 21 U.S.C. § 841(a)(1). United States v. Umburger, Criminal No. 1:00-0204, Document No. 1. On May 21, 2001, he entered a plea of guilty to Count One of the Indictment pursuant to a written plea agreement with the Unites States. See id., Document Nos. 27 and 30. At the sentencing hearing, held on August 20, 2001, the court granted the United States' Motion for a Downward Departure based on Umberger's substantial assistance and he was sentenced to term of imprisonment of 120 months and a three-year term of supervised release. See id., Document Nos. 36 and 37. The court also recommended that defendant receive treatment for narcotics addition while incarcerated. See id.

## II. Analysis

A. *Eligibility for Early Release Under 18 U.S.C. § 3621(e)*

Umberger's first objection to the PF&R concerns Magistrate Judge VanDervort's conclusion that the Bureau of Prisons ("BOP") was within its discretion in finding Umberger ineligible for early release upon completion of the BOP's Residential Drug Abuse Program ("RDAP"). As an exhibit to his Application, Petitioner

submitted a copy of a "Drug Abuse Program Notice to Inmate" dated January 23, 2007, indicating that he qualified to participate in the RDAP but was determined to be provisionally ineligible for early release because he had a "prior conviction for unlawful wounding (shot deputy in the back)." According to Umberger's Pre-Sentence Investigation Report ("PSR"), in 1986, he was convicted in the Circuit Court of Mercer County, West Virginia, of unlawful wounding and kidnaping for shooting a police officer in the back.

18 U.S.C. § 3621(b) authorizes the BOP to implement drug abuse treatment programs for its prisoners: "The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." To effectuate this mandate, the BOP is required to ensure that all eligible prisoners "with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment . . . [and the BOP shall] provide residential substance abuse treatment." 18 U.S.C. § 3621(e)(1).

As an incentive for successful completion of RDAP, "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B)(emphasis added). The statute

3

makes clear that the decision to grant early release lies within the discretion of the Bureau of Prisons. See Lopez v. Davis, 531 U.S. 230, 240 (2001). In the exercise of this discretion, the BOP has adopted regulations respecting the early release of prisoners who successfully complete RDAP.

> 28 C.F.R. § 550.58 (a)(1)(iv) provides:
>
> (1) As an exercise of discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
>
> * * *
>
> (iv) Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses.

The Supreme Court has upheld this regulation, finding it a permissible exercise of the BOP's discretion. Lopez, 531 U.S. at 244 ("[T]he Bureau may categorically exclude prisoners based on their preconviction conduct . . . .").

Umberger contends that, because his prior conviction was for unlawful wounding and not for aggravated assault, he is eligible for early release. Umberger's argument misses the mark.

> As the Court explained in Lopez:
>
> In the Bureau's view, § 3621(e)(2)(B) establishes two prerequisites for sentence reduction: conviction of a nonviolent offense and successful completion of drug treatment. If those prerequisites are met, the Bureau "may," but also may not, grant early release. The BOP opposes Lopez's argument that Congress barred the Bureau from imposing limitations categorically or on the basis of preconviction conduct. According to the

4

> Bureau, Congress simply "did not address how the Bureau should exercise its discretion within the class of inmates who satisfy the statutory prerequisites for early release." Because Congress left the question unaddressed, the Bureau maintains, the agency may exclude inmates either categorically or on a case-by-case basis, subject of course to its obligation to interpret the statute reasonably, in a manner that is not arbitrary or capricious, see 5 U.S.C. § 706(2)(A).
>
> * * *
>
> We agree with the Bureau's position.
>
> * * *
>
> When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment.

Id. at 239-41 (internal citations omitted).  The BOP was entirely within its discretion in finding that the circumstances surrounding Umberger's 1986 conviction - shooting a police officer in the back and then kidnaping him - rendered him ineligible for early release.  See id. at 242 ("[T]he Bureau need not blind itself to preconviction conduct that the agency reasonably views as jeopardizing life and limb.  By denying eligibility to violent offenders, the statute manifests congressional concern for preconviction behavior-and for the very conduct leading to conviction.  The Bureau may reasonably attend to these factors as well.").  Based on the foregoing, Umberger's objection is OVERRULED.

B.      *Loss of Good Time Credit.*

In his Application, Umberger alleges that "Bureau of Prisons illegally took earned good time without proper hearing or constitutional guarantees such as right to call witnesses, cross-examine witnesses or appeal findings." Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody, Doc. # 1, at p. 7.  He did not explain the circumstances which resulted in his alleged loss of good time credits or the amount of credit lost.

In his PF&R, Magistrate Judge VanDervort found that Umberger's failure to do so rendered his Application subject to dismissal because it did not contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Proposed Findings and Recommendation at 6-7.  However, in recognition of the mandate that where a pro se complaint can be remedied by amendment such amendment should be allowed, see Denton v. Hernandez, 504 U.S. 25, 34 (1992), the PF&R suggested that Umberger amend his Application to "state how much good time credit he has lost and the factual and procedural circumstances which resulted in his loss of good time credit." Id. at 7.

Rather than addressing any of the deficiencies noted in the PF&R, Umberger objected as follows:

> Court after [court] have ruled that even inmates
> have the right to cross-examine witnesses, have
> hearings recorded, a fair and impartial hearing
> officer, a right to appeal.  This [sic] are basic

>    rights enjoyed by all state and federal prisoner's [sic]. I gave a short and plain statement. I was charged improperly, not allowed to cross-examine or even face my accuser, found guilty with no evidence as no witnesses appeared by a hearing officer that finds 100% guilty and denied my right to appeal. Short and plain. I do state a claim for which the government can grant relief. Grant me a hearing and Petitioner will subpoena records, call witnesses and prove the allegations.

Objections at p. 1.

"[A] complaint must contain sufficient factual matter, accepted as true, to `state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. See id.

>    As the Court held in Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id., at 555, 127 S.Ct. 1955 (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557, 127 S.Ct. 1955.

Id.

Umberger has failed to plead sufficient factual matter to show that he is entitled to relief. Accordingly, his objection is OVERRULED.

C.     *Alleged Lack of Medical Care*

Umberger's last objection concerns Magistrate Judge VanDervort's conclusion that plaintiff's claim for inadequate medical care is beyond the scope of 28 U.S.C. § 2241. A § 2241 petition is used to attack the manner in which a sentence is executed, and is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. See Preiser v. Rodriquez, 411 U.S. 474, 499-500 (1973). Therefore, Umberger's claim is beyond the scope of Section 2241 and, instead, falls under Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) and/or the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, et seq. Accordingly, his objection to the finding that § 2241 is not the proper avenue for his claims is OVERRULED.

## III.  Conclusion

Based on the foregoing, the court accepts Magistrate Judge VanDervort's findings and recommendation. The court **DISMISSES** plaintiff's application under 28 U.S.C. § 2241 and directs the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court DENIES a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 28th day of September, 2011.

ENTER:

*[signature: Daniel A. Faber]*

David A. Faber
Senior United States District Judge